United States District Court
Southern District of Texas

**ENTERED**

March 02, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **LUIS ANGEL COBARRUBIAS LOPEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00209** |
| | § | |
| **RIO GRANDE PROCESSING CENTER,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

Pending before the Court is Petitioner Luis Angel Cobarrubias Lopez's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials and the Department of Homeland Security (DHS).

Petitioner filed his Petition for Writ of Habeas Corpus on February 12, 2026. (Dkt. 1.) Petitioner is 34-year-old citizen of Mexico who first entered the United States in October of 2009. (*Id*. at 10.) Petitioner has lived in the United States for 16 years and has worked in the restaurant and hospitality industry since 2011. (*Id*.) Petitioner is the father to a United States citizen child, who is five months old. (*Id*. at 10–11.) Petitioner filed an I-589 Application for Asylum in April of 2025, and was issued an employment authorization document. (*Id*.) On January 9, 2026, Petitioner was on his way to San Antonio from his residence in McAllen, Texas when he and his siblings were detained at the Falfurrias, Texas Customs and Border Patrol Checkpoint. (*Id*.) Petitioner presented his pending asylum application receipt and employment authorization document but was detained and taken into custody. (*Id*.)  Petitioner remains detained at Rio Grande

1 / 5

Processing Center. (*Id*.) He notes in his Petition that he had a master calendar hearing set for February 17, 2026, and that he intends to seek cancellation of removal and withholding of removal under the Immigration and Nationality Act (INA) § 241(b)(3) and relief under the Convention Against Torture. (*Id*. at 12.) He further states that if relief is denied, he intends to appeal an unfavorable decision to the Board of Immigration Appeals. (*Id*.) Petitioner argues he is being unlawfully detained subject to mandatory detention under 8 U.S.C. § 1225(b)(2) in violation of his rights under the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act (INA). (*Id*. at 12–14.) He asks the Court to order his immediate release. (*Id*. at 14.)

The Court ordered Respondents to show cause and respond to Petitioner's Petition on or before February 20, 2026, which is between the three-to-twenty-day time period contemplated by 28 U.S.C. § 2243. (Dkt. 4.) The Court's Order was served electronically on Respondents, and the Court advised Respondents that if no response was received, the Court may treat the Petition as unopposed. (*Id*. at 1.) Respondents failed to respond. Accordingly, the Court treats Petitioner's Petition as unopposed.

The Court notes that on February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, — F.4th —, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applications for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id*. at *4. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by

petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at \*9.

Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Bonilla Chicas v. Warden*, 5:26-cv-00131, Dkt. No.11 (S.D. Tex. Feb. 20, 2026), in which the Court determined that the petitioner's detention by ICE violated his rights under the Due Process Clause. Because Petitioner's legal claims are materially indistinguishable from those considered by the Court in *Bonilla Chicas* and because Respondents failed to file a response, the Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States without inspection and has established ties to the United States through his residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of his flight risk and dangerousness and an opportunity to respond prior to detention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory detention of noncitizens who have established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Vieira v. De Anda-Ybarra*, 2025 WL 2937880, at \*7 (W.D. Tex. Oct. 16, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025) (collecting cases); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at \*7 (W.D. Tex. Oct. 21, 2025); *Marceau v. Noem et al.*, 2026 WL 368953, at \*2 (W.D. Tex. Feb. 9, 2026); *Clemente Ceballos v. Garite,* 3:26-cv-00312-DB, at \*3 n. 2 (W.D. Tex. Feb 10, 2026).

Thus, the Court holds that because Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to equitable relief and that the appropriate

remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED**.

1.     Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2.     Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than three hours** prior to Petitioner's release from custody.

3.     If Petitioner is redetained, all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

4.     Within two weeks of the date of this Order, the parties shall **FILE** advisories with the Court indicating whether the parties oppose entry of a final judgment in this case.

The Clerk is also **DIRECTED** to e-mail a copy of the Petition, (Dkt. 1), and this Order to the following email addresses: usatxs.civilnotice@usdoj.gov, Daniel.Hu@usdoj.gov, and Hector.Ramirez@usdoj.gov.

IT IS SO ORDERED.

4 / 5

SIGNED this March 2, 2026.

_____
Diana Saldaña
United States District Judge